Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Trecia Phillips,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X
TRECIA PHILLIPS, on behalf of herself             Civil Action No.
and all others similarly situated

                Plaintiffs,
                                                              **CLASS ACTION**
                                                              **COMPLAINT**
   v.

RECEIVABLES PERFORMANCE
MANAGEMENT LLC                                       **NO JURY TRIAL DEMANDED**

                Defendant.
---------------------------------------------------------X

Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Trecia Phillips ("Plaintiff"), on her own behalf and on behalf of the class she seeks to represent, brings this action to secure redress for the debt collection practices utilized by Receivables Performance Management LLC ("RPM") in connection with their attempts to collect alleged debts from herself and others similarly situated.

2. Plaintiff alleges that the Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:
    i. The acts giving rise to this lawsuit occurred within this District; and
    ii. Defendant does business within this District.

## PARTIES

7. Plaintiff, Trecia Phillips, is an individual natural person who at all relevant times resided in the City of Rahway, County of Union, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Receivables Performance Management LLC is a limited liability corporation with its principal place of business located at 20816 44th Avenue W. Suite 140 Lynnwood, WA 98036.

10. The principal purpose of RPM is the collection of debts using the mail and telephone.

11. RPM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. RPM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTS**

13. Sometime prior to September 2018, Plaintiff allegedly incurred a financial obligation to Dish Network related to utility services provided to her (the "Debt"). The Debt was given an account number by Dish Network and the last four numbers of the account were 2353.

14. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely fees emanating from utility services provided to the Plaintiff for her primary residence.

15. Plaintiff's personal utility service Debt to Dish Network is a "debt" as defined by 15 U.S.C. §1692a(5).

16. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

17. On or before September 21, 2018, the Debt was referred by Dish Network to RPM for the purpose of collections.

18. The Debt was never assigned to RPM.

19. Dish Network never transferred, sold or assigned any of their interest or rights with regard to the Debt to RPM.

20. No privity of contract exists between Defendant and Plaintiff such that Defendant has standing to sue Plaintiff for non-performance of any legal obligation of the Plaintiff arising from or with regard to the Debt.

21. Defendant is merely a third-party debt collector with no legal interest or right in the Debt.

22. Defendant contends that the Debt is past-due and in default.

23. At the time the Debt was referred by Dish Network to RPM, the Debt was past-due.

24. At the time the Debt was referred by Dish Network to RPM, the Debt was in default.

25. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

26. On or about September 21, 2018, RPM mailed or caused to be mailed a letter (the "Letter") to Plaintiff. (Annexed and attached hereto as <u>Exhibit A</u> is a true copy of the letter dated September 21, 2018 sent by RPM to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy).

27. RPM mailed the letter dated September 21, 2018 attached as <u>Exhibit A</u> as a part of their efforts to collect the Debt.

28. Plaintiff received the letter attached as <u>Exhibit A</u> in the mail.

29. Plaintiff read the letter attached as <u>Exhibit A</u> upon receipt of the letter in the mail.

30. <u>Exhibit A</u> was sent in connection with the collection of the Debt.

31. <u>Exhibit A</u> seeks to collect the Debt.

32. <u>Exhibit A</u> states in relevant part, " The purpose of this notice is to collect a debt."

33. <u>Exhibit A</u> conveyed information regarding the Debt including an "Amount Due" of $374.78, RPM Reference Number of 51497903, and a demand for payment.

34. The Letter attached as <u>Exhibit A</u> is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

35. The Letter attached as <u>Exhibit A</u> was the only letter or notice that Plaintiff received from RPM.

36. The Letter attached as <u>Exhibit A</u> was the initial "communication" as that term is defined by 15 U.S.C. §1692a(2) from RPM to the Plaintiff.

37. The Letter attached as <u>Exhibit A</u> states in relevant part:

    Amount Due: $374.78

38. The Letter attached as <u>Exhibit A</u> provides a website in order to pay the Debt under the heading "Pay Online" by stating:

    You can now pay online at:
    www.rpmpayments.com

39. Plaintiff went to the website listed in the Letter (ww.rpmpayments.com) for making a payment.

40. After inputting the RPM Reference Number listed in the Letter (51497903) and the last four digits of her social security number, the amount listed as being owed by the Plaintiff on RPM's website was not the $374.78 amount referenced in the Letter, but rather $692.52. (Annexed and attached hereto as <u>Exhibit B</u> is a printout from RPM's website showing that the amount they sought to collect for the Debt associated with RPM Reference Number 51497903 on their website was not the $374.78 referenced in the Letter, but rather $692.52).

41. By providing two separate amounts as allegedly owed on the Debt ($374.78 in the Letter and $692.52 on their website referenced in the Letter), RPM left the Plaintiff unable to determine the actual amount she allegedly owed to Dish Network.

42. <u>Exhibit A</u> is a computer-generated form letter.

43. RPM's debt collection practice is largely automated and utilizes standardized form letters.

44. Upon information and belief, the September 21, 2018 Letter attached as <u>Exhibit A</u> is a mass-produced, computer generated form letter that is prepared by RPM and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

45. Defendant used the same procedures they used in sending the letter attached as <u>Exhibit A</u> when sending the same and/or similar letters to other New Jersey consumers.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

47. The Defendant's above refenced conduct violates 15 U.S.C. §§1692, 1692e, 1692e(2)(A), 1692e(10), 1692g, 1692g(a)(1).

48. 15 U.S.C. §1692e provides:

> **§1692e.     False or Misleading Representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> (2) The false representation of --
>>
>>> (A) the character, amount, or legal status of any debt…
>>
>> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

49. 15 U.S.C. §1692g provides:

> **(a) Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing

> (1) the amount of the debt;

50. Defendant violated §1692g(a)(1) because they did not effectively communicate "the amount of the debt" to Plaintiff. It is not enough for a debt collector to simply list the amount of an alleged debt in a letter, rather they must effectively convey that information and must not include any other information that contradicts or misleads a consumer as to the actual amount of their alleged debt. In the Letter, RPM stated the amount of the Debt owed for Reference Number 51497903 was $374.78. However, on RPM's website for payments, which the Letter directs consumers to, the amount of the Debt listed for Reference Number 51497903 was not the $374.78 amount referenced in the Letter, but rather was $692.52. Both of these cannot be true, either Plaintiff owed the $374.78 amount reference in the Letter or the $692.52 amount referenced on RPM's website for payment. Therefore, RPM violated §1692g(a)(1) by not effectively communicating "the amount of the debt" in the Letter because they provided Plaintiff with two separate amounts that she allegedly owed for the same debt with the same reference number.

51. Defendant violated §1692e(2)(A) because they made a false representation to Plaintiff as to the amount of her alleged Debt. In the Letter, RPM listed the amount of the Debt associated with Reference Number 51497903 as $374.78. However, on the website for payment that the Letter directs Plaintiff to, the amount owed on the Debt was alleged to be $692.52. If the amount of the Debt actually owed was $374.78, then RPM violated §1692e(2)(A) by stating that the amount of the Debt was $692.52 on the website for payment that the Letter refers the Plaintiff to. If the amount of the Debt actually owed was $692.52, then RPM violated §1692e(2)(A) by falsely representing in their Letter that the amount of the Debt was $374.78.

52. Defendant violated 15 U.S.C. §1692e(10) because their conduct of providing one figure of $374.78 for the Debt in the Letter and another of $692.62 on the website for payment referenced in the Letter is misleading and deceptive.

53. In the alternative, if the amount of the Debt listed on the website was $692.62 because RPM sought to collect additional accounts besides the one referenced in the Letter, RPM violated §1692g(a)(1)-(5) by not providing the Plaintiff with the validation notices for those additional accounts they sought to collect.

54. In the alternative, if the Debt accrued interest, fees or other charges, the Letter violates 15 U.S.C. §§ 1692e(2)(A) and 1692e(10) by not informing the Plaintiff that their Debt may increase because of interest fees or other charges.

55. The misleading and deceptive representation is material because it has the potential to effect the decision making of the Plaintiff by confusing her as to the amount of the debt she actually owes.

56. Plaintiff has alleged a particularized injury because the Letter attached as <u>Exhibit A</u> was mailed and directed to her.

57. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right under §1692e to be free from abusive debt communications and §1692g creates a substantive right to receive certain information, and Defendant's violations of the FDCPA results in concrete harm to Plaintiff.

58. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that the Defendant's conduct violated 15 U.S.C. §1692e and 15 U.S.C. §1692g and for statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1692k.

## CLASS ALLEGATIONS

59. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

60. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

61. The class is initially defined as: (a) all individuals (b) with a New Jersey address (c) who were sent letters or notices from RPM in a form materially identical or substantially similar to the letter attached as <u>Exhibit A</u> to the Complaint (d) which referred the individual to www.rpmpayment.com for payment of the debt (e) which was not returned as undeliverable (f) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action, and (g) where the amount listed as due and owing on the website www.rpmpayment.com was different than the amount referenced in RPM's initial collection letter.

62. The class definition above may be subsequently modified or refined.

63. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

64. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be

impracticable. Defendant's conduct involves the sending of a form collection letter and operating a website. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and 15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **<u>Adequacy</u>**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **<u>Superiority</u>**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that Receivables Performance Management LLC violated 15 U.S.C. §§1692e and 1692g;

3. An award of statutory damages for Plaintiff, and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
September 20, 2019

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella PC
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
rlg@lawgmf.com

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

By: /s/ Ryan Gentile
_____
Ryan Gentile